UNITED NEW JERSEY RAILROAD AND CANAL COMPANY
AND PENNSYLVANIA RAILROAD COMPANY v. JERSEY
CITY.

A strip of land (one hundred by four hundred feet) purchased by a railroad
company, in anticipation of future need for a branch road, occupied in
part (thirty-five by four hundred feet) by a trestle work supporting
railroad tracks, is taxable by the state (under act April 10th, 1884;
*Pamph. L., p.* 142) for the thirty-five feet in actual use, and by local
assessment for the remaining sixty-five feet lying vacant for many
years.

On petition of the United New Jersey Railroad and Canal
Company and the Pennsylvania Railroad Company, its
lessees, representing that certain property of the United Com-
panies, situated in Jersey City, has been assessed by the local
assessors of the taxing district of Jersey City, and also by
the state board of assessors, as property used for railroad pur-
poses.

Argued at February Term, 1891, before Justices DEPUE,
VAN SYCKEL and SCUDDER.

For the petitioner, *James B. Vredenburgh.*

For the respondents, *William D. Edwards.*

The opinion of the court was delivered by

SCUDDER, J. The land in dispute is situated within the
taxing district of Jersey City, and is bounded on three sides
by Brunswick street, Sixth street and Monmouth street. It
is one hundred feet in width by four hundred feet in length.
It was purchased by the United Railroad Companies in 1868
for the Harsimus branch. Upon this strip of land an ele-
vated railroad with a double track was built on a trestle work
twenty-two feet high, supported by poles driven in the
ground. This work is thirty-five feet in width, running the
whole length of four hundred feet from Monmouth street to
Brunswick street, and was built in 1872 or 1873. It has

been used by the companies since its construction, but the vacant land between the trestle work on the south and Sixth street on the north, sixty-five feet in width, has not been in actual use for any purpose since its purchase. It is testified that this strip forms a part of the right of way of the Harsimus branch running from a point near Baldwin avenue, in Jersey City, to the Hudson river. Since the passage of the act for the taxation of railroad and canal property, April 10th, 1884 (*Pamph. L., p.* 142), this entire strip has been taxed by the state board of assessors of New Jersey, and the taxes thereon have been paid to the state. Since that date it has also been taxed by the local assessors of the taxing district of Jersey City.

Under the act of March 30th, 1886, entitled "An act concerning the settlement and collection of arrearages of unpaid taxes and assessments and water rates or water rents in cities of this state," &c., commonly known as the Martin act, commissioners appointed for Jersey City have adjusted these taxes as against that portion of the block or strip of land above described, not actually occupied by the trestle of the companies' railroad—that is, sixty-five feet in width by four hundred feet in length. The question to be determined is, whether this sixty-five feet strip is taxable by the state board of assessors or by the board of assessors of Jersey City? The answer is to be found in the words of the act of 1884. Section 1 enacts, "that all the property of any railroad or canal company not used for railroad or canal purposes shall be assessed and taxed by the same assessors and in the same manner and at the same rate as the taxable property of other owners in the same municipal division or taxing district," &c. Section 2 enacts, "that all property of any railroad or of any canal company used for railroad or canal purposes shall be assessed by a state board of assessors." The test of this right of assessment is whether this strip of sixty-five feet wide in controversy is used for railroad purposes.

In *State, Morris and Essex R. R. Co.,* v. *Haight, Receiver,* 6 *Vroom* 40, the charter of that company exempted from

local taxes "any property purchased, held or used by said company for the purpose of their charter." It was there said, that " the construction by which the clause of exemption is sought to be restricted to lands necessary for the present requirements of the company, and in actual use for their business, is not justified by the language of the section referred to." It will be noticed that the terms in this charter are broader than those used in the general act of 1884, where the words " used," or " not used," are alone employed to define the manner of taxation. None of the cases cited (*State* v. *Mansfield*, 3 *Zab.* 510 ; *State* v. *Newark*, 1 *Dutcher* 315 ; *S. C.*, 2 *Id.* 519 ; *State* v. *Hancock*, 4 *Vroom* 315 ; *S. C.*, 6 *Id.* 537) are in terms or facts like this case ; but in State *v.* Newark, which most nearly resembles it, the fact that for many years the land was not used and occupied for the necessary purposes of the company seemed to be decisive as to the right of local taxation. Neither the fact that it might be a matter of convenience for the company to hold the property, nor that it may have foreseen that the exigencies of its legitimate business would at some future time require its use, was therein held to be of any effect. These advantages are all that are claimed in this case. It is especially important, in the estimation of the principal witness who has been sworn in behalf of the company, in anticipation of the future need of the company, to increase the number of tracks and to widen the road. But the company, since the purchase of the land in 1868, have left this strip of sixty-five feet lie vacant and unused until the time when these taxes were levied in 1884, and up to 1887, and since that time, so far as it appears. This, for the purpose of the statute, must be conclusive, that during the time when these taxes in controversy were laid, the strip of land assessed, according to the adjustment made by the commissioners under the Martin act, were not used by the railroad, and were liable to the local assessment. The exact sum to be refunded by the state may be settled by the parties ; or the court, upon application, will appoint a commission to determine this amount.